**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3106-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSUE PAGAN,

     Defendant-Appellant.

_____

          Submitted January 16, 2019 – Decided April 2, 2019

          Before Judges Koblitz and Currier.

          On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-05-0559.

          Schiller McMahon, LLC, attorneys for appellant (Thomas S. Mirigliano, of counsel and on the briefs).

          Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Josue Pagan appeals from the trial court's refusal to consider his motion to withdraw his guilty plea. We reverse and remand for the trial court to adjudicate defendant's motion.

In May 2014, defendant was charged with: (1) third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); (2) second-degree possession with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(4); (3) second-degree conspiracy to distribute CDS, N.J.S.A. 2C:35-5(a)(1), 2C:35-5(b)(2) and 2C:5-2; (4) third-degree possession with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-5(a) and 2C:35-7; (5) third-degree conspiracy to distribute CDS within a school zone, N.J.S.A. 2C:35-5(a)(1), 2C:35-7 and 2C:5-2; (6) second-degree possession with intent to distribute within 500 feet of public property, N.J.S.A. 2C:35-5(a) and 2C:35-7.1; and (7) second-degree conspiracy to distribute CDS within 500 feet of public property, N.J.S.A. 2C:35-5(a)(1), 2C:35-7.1 and 2C:5-2.

Three years later, on May 8, 2017, defendant entered a negotiated guilty plea to count two, second-degree possession of a CDS with intent to distribute. The State agreed to recommend a five-year prison term with a thirty-month stipulated period of parole ineligibility. Defendant was also permitted to apply

to Drug Court. If accepted, he would be sentenced to Drug Court in lieu of the prison sentence.

Later that month, the State rejected defendant's application to Drug Court; defendant's subsequent appeal to the Law Division was denied.

Defendant was scheduled for sentencing on March 5, 2018. Two days earlier, defendant retained new counsel. On March 5, around 1:43 a.m., defendant's counsel filed a motion, along with an accompanying brief, exhibits, and a certification from defendant, seeking to "withdraw his guilty plea and restor[e] him to pre-pleading status," pursuant to State v. Slater, 198 N.J. 145 (2009).

At 10 a.m. on March 5, defendant appeared before the trial judge with his prior private counsel and the assistant prosecutor. The judge was advised there was a substitution of counsel, and in order for new counsel to be present, the matter was rescheduled for later that day at 1:30 p.m. The trial judge acknowledged receipt of the Slater motion, and he inquired whether the prosecutor had a position on the motion. The prosecutor stated the matter should be scheduled for a hearing and she would need some time to respond. The prosecutor also requested the plea hearing transcript and the judge stated he would give defense counsel a week to obtain it.

A-3106-17T1

That afternoon, the judge advised the newly-retained defense counsel that without the plea hearing transcript, the motion was "unperfected."[1] Defendant requested an adjournment to obtain the transcript and the State did not object. The trial judge denied the request, stating he was "not inclined to put [defendant's sentencing] off" because he viewed defendant's motion as a "change of heart." The judge also stated that if defendant's certification supporting the Slater motion was factually different from his statements at the plea hearing, he would be subject to a charge of false swearing in violation of N.J.S.A. 2C:28-2.

The sentencing hearing proceeded and the trial judge imposed a five-year prison term with a thirty-month parole ineligibility period. On April 4, 2018, the trial judge dismissed defendant's motion to withdraw his guilty plea as moot.

Defendant presents the following issues on appeal:

> POINT I: THE COURT BELOW COMMITTED REVERSIBLE ERROR BY REFUSING TO HEAR DEFENDANT'S PROPERLY FILED PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA IN CLEAR VIOLATION OF APPLICABLE LAW AND THE NEW JERSEY CODE OF JUDICIAL CONDUCT, CANON 3, RULE 3.7, AND COMMITTED FURTHER ERROR BY DENYING HIS REQUEST FOR A REASONABLE ADJOURNMENT.

---

[1] Defendant had provided the State with a copy of the motion. The judge stated he had not received a hard copy of the motion, but was aware it was filed on eCourts.

POINT II:  THE TRIAL COURT JUDGE SHOULD
BE DISQUALIFIED PURSUANT TO RULE 1:12-2
TO ENSURE THAT THERE IS NO APPEARANCE
OF IMPROPRIETY.

We review for an abuse of discretion.  An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso–Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). Moreover, if the trial judge makes a discretionary decision, but acts under a misconception of the applicable law, we do not give the trial judge his or her usual deference.  See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The trial judge refused to consider defendant's motion to withdraw his guilty plea, contending that the failure to attach a copy of the plea transcript rendered the motion "unperfected."  The judge did not cite to any rule or case law to support this contention.  While the judge may have been frustrated by the last minute filing of defendant's motion, Slater does not require a transcript of the plea.  198 N.J. at 157-58.  Defendant argued a colorable claim of innocence in his supporting certification, which the judge was aware of prior to proceeding

to sentence. The State initially did not object to a brief adjournment and even stated that motions to withdraw a plea are filed "all the time."

In <u>Slater,</u> the Supreme Court established four factors for trial courts to consider when hearing motions to withdraw a guilty plea: "1) whether the defendant has asserted a colorable claim of innocence; 2) the nature and strength of defendant's reasons for withdrawal; 3) the existence of a plea bargain; and 4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. at 157-58. Here, we are satisfied that the transcript was unnecessary for the judge to assess these factors and consider defendant's motion to withdraw his guilty plea.

In evaluating a defendant's claim of innocence, courts look to evidence that was available to the prosecutor and the defendant through discovery at the time the defendant entered his guilty plea. <u>Id.</u> at 158-59. Defendant's certification and brief supporting his <u>Slater</u> motion contained facts that potentially "buttress" his motion. <u>Id.</u> at 158 (noting "[d]efendants must present specific, credible facts and, where possible, point to facts in the record that buttress their claim" to justify a plea withdrawal).

A plea transcript is also not necessary to demonstrate the nature and strength of a defendant's reasons for withdrawal. Defendant has given reasons

in both his certification and brief explaining his guilty plea. The transcript is also not necessary to ascertain the existence of a plea bargain, nor to demonstrate whether "withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Id. at 158.

We conclude, therefore, that it was a misapplication of discretion for the trial judge to decline to hear defendant's Slater motion because he did not include the plea hearing transcript. We remand to the trial court to consider defendant's motion to withdraw his guilty plea.

"The motion to withdraw a plea implicates fundamental rights to liberty and due process." State v. O'Donnell, 435 N.J. Super. 351, 369 (App. Div. 2014) (citing Slater, 198 N.J. at 158). This is because "a core concern underlying motions to withdraw guilty pleas is to correct the injustice of depriving innocent people of their liberty." Slater, 198 N.J. at 158. If the judge determined he needed the plea transcript to properly consider the Slater motion, a brief adjournment was the appropriate course of action to obtain the transcript and the State's opposition. The timing of a Slater motion triggers different burdens of proof for the movant. Ibid. "[P]re-sentence motions to withdraw a plea are governed by the 'interest of justice' standard in Rule 3:9-3(e), while post-

sentence motions are subject to the 'manifest injustice' standard in <u>Rule</u> 3:21-1." <u>Ibid.</u>

We find no merit in defendant's request that a different judge consider his motion on remand. The trial judge should hear defendant's <u>Slater</u> motion and make his ruling using the pre-sentence standard of "interest of justice." If the motion is denied, the imposed sentence will remain in effect.

Vacated, reversed, and remanded solely for the consideration of defendant's <u>Slater</u> motion.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3106-17T1